UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CASIMIR P. GRIFFIN,<br><br>                    Plaintiff,<br><br>-against-<br><br>GOOGLE; AMAZON; JEFF BEZOS; FACEBOOK; INSTAGRAM; LINKEDIN; TAMMY JERNIGAN; HENRY H. CAMPBELL; ALL IN BOTH THEIR OFFICIAL AND INDIVIDUAL CAPACITIES; JANE AND JOHN DOE(S) 1−50 (INCLUSIVE), ALL IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES; ALL UNKNOWN ENTITIES, ALL JOINTLY AND SEVERALLY,<br><br>                    Defendants. | 19-CV-5447 (CM)<br><br>TRANSFER ORDER |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Casimir P. Griffin, currently incarcerated in the Orange County Jail, brings this *pro se* action alleging "fraud, conspiracy, copyright infringement, breach of contract, abuse of process, wired fraud, [and] mail fraud." (ECF No. 2 at 2.)[1] By order dated August 15, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[2] For the following reasons, the Court transfers this action to the United States District Court for the Southern District of Georgia, Brunswick Division.

---

[1] Page numbers refer to those generated by the Court's electronic case filing system.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

**DISCUSSION**

Under the general venue provision, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. § 1391(c)(1). And an entity that is not a person, "whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2).

Plaintiff alleges that he entered into a contract with Defendant Tammy Jernigan, who does business as Creative Inspiration Publishing in Kingsland, Georgia. Plaintiff signed the contract on January 10, 2018, and the book was released on Amazon Kindle on May 18, 2018, and in paperback on Amazon on July 6, 2018. Plaintiff asserts that as of the date of his complaint, he has not received any money for his book, and that Defendant Jernigan is refusing to pay him. He asserts that he is being defrauded and that funds are being stolen from him. Plaintiff's complaint includes a motion for summary judgment, and he seeks monetary damages in the total amount of $15 million.

Although Plaintiff also names Google, Amazon, Jeff Bezos, Facebook, Instagram, LinkedIn, and Henry Campbell as Defendants, it appears that his claims arise primarily from Tammy Jernigan's actions with respect to the alleged contract. Although Plaintiff is currently detained in this district, it does not appear that this Court is an appropriate venue for this action. It is clear, however, that the United States District Court for the Southern District of Georgia,

Brunswick Division, where Defendant Tammy Jernigan is located, is a proper venue for this action. *See* 28 U.S.C. §§ 90(c)(5), 1391(b)(2).

Even if venue were proper here, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424 (LAK), 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established."); *see also Lead Indus. Ass'n. Inc. v. OSHA*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (noting that the "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010)

(setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. The alleged underlying events appear to have occurred in Kingsland, Georgia, where Defendant Jernigan is located. In addition, it is likely that relevant documents and witnesses are located in that judicial district. Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Southern District of Georgia, Brunswick Division. *See* § 1404(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Southern District of Georgia, Brunswick Division. A summons shall not issue from this Court. This order closes this case.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 21, 2019
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge