IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 9:34 am, Nov 18, 2020

| | |
|---|---|
| CASIMIR P. GRIFFIN,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE, et al.,<br><br>    Defendants. | CIVIL ACTION NO.: 2:19-cv-132 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, a prisoner at the Orange County Jail in Goshen, New York, filed this private civil action, asserting claims involving copyright infringement, breach of contract, fraud, conspiracy, negligence, wire fraud, and mail fraud.  Doc. 2 at 2.  The Southern District of New York transferred this action due to venue requirements.  Doc. 5.  Although Plaintiff used a 42 U.S.C. § 1983 complaint form, Plaintiff only asserts claims against private individuals.  Plaintiff asserts the majority of his claims against Henry H. Cambell and Tammy Jernigan but has also sued numerous social media companies and online retailers, such as Google, Amazon, Facebook, Instagram, and LinkedIn.  Doc. 2 at 6–10.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915(e).  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's copyright infringement claim against Defendant Cambell.  I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Facebook, Amazon, Google, Instagram, LinkedIn, Jeff Bezos, and John and Jane Doe(s).  I also **RECOMMEND** the Court **DISMISS** Plaintiff's First Amendment, "constitutional rights," abuse of process, mail fraud, wire fraud, bank fraud, strict liability, slander, libel, and defamation claims against all

Defendants.  I further **RECOMMEND** the Court **DISMISS** Plaintiff's damages claims for "Qui Tam action fees" and "taxes owed" under 26 U.S.C. § 165 and **DENY** Plaintiff's Motion for Summary Judgment.  However, I **FIND** that some of Plaintiff's claims may proceed.  Specifically, the Court will direct service of Plaintiff's copyright infringement claim against Defendant Tammy Jernigan and breach of contract, fraud, conspiracy, negligence, and "trespass to property" claims against Defendants Henry H. Cambell and Tammy Jernigan by separate Order.

## PLAINTIFF'S CLAIMS[1]

Plaintiff asserts that in 2016, he began discussing a book publishing deal with Tammy Jernigan through Facebook.  Doc. 2 at 6.  Plaintiff entered into a publishing contract for five of his books with Tammy Jernigan and Henry Cambell.  Id.  Plaintiff alleges he provided three books in person, two via email (using Google's Gmail), and one by mail.  Id.  Plaintiff claims Ms. Jernigan owned "Creative Inspirations Imprint," while Mr. Cambell owned "Harddrive Publishing Imprint."  Id.  Plaintiff claims this contract required he provide a manuscript every six months until all five books were released.  Id. at 6–7.  Plaintiff asserts the contract states the first book would be released in 2018.  Id. at 7.  Plaintiff claims after he entered into this agreement, he "was asked to do a book cover" for promotional purposes.  Id. at 6.  He then posted the book cover to Facebook and Instagram.  Id.

Plaintiff claims there were significant delays by Ms. Jernigan in publishing the first book.  Id. at 7.  Plaintiff then learned that "Hard Drive Publishing" was not a real company.  Id.  He also learned Ms. Jernigan and Mr. Cambell had little publishing experience.  Id.  When Plaintiff

---

[1] All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 2.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

2

brought this to Ms. Jernigan's attention, Ms. Jernigan and Plaintiff agreed she would not publish any of the books and Ms. Jernigan would return the manuscripts and erase all other copies. Id. Ms. Jernigan did not return the manuscripts. Id. at 7–9. After further phone discussions, Plaintiff claims Ms. Jernigan demanded payment from Plaintiff for the book covers and editing costs before she would mail the manuscripts back to him. Id. at 8. After meeting with Ms. Jernigan in person, she insisted on publishing the book. Id. Ms. Jernigan sent Plaintiff a new contract "via Google" that Plaintiff signed in January 2018. Id. at 9. Plaintiff claims this contract specified he and Ms. Jernigan would split any profits "50/50." Id. Plaintiff asserts that the first book he authored, entitled "Project Mayhem," was published and listed on Amazon and "other sites" on May 18, 2018 and July 6, 2018. Id. Plaintiff has not received any proceeds from Ms. Jernigan. Id. at 9–10.

Plaintiff alleges Ms. Jernigan infringed on his copyright and breached their contract by publishing the book without his permission and withholding payment from him. Id. at 10. Plaintiff also claims Defendants acted in concert to conspire to commit wire fraud and mail fraud. Id. Plaintiff further alleges that Defendants violated his First Amendment and constitutional rights. Id. As for the social media and online retailers, Plaintiff claims "[n]o screening took place by Google, Amazon, Instagram, LinkedIn, et. al. to even see if it's [sic] clients were legal entities." Id. Plaintiff has also sued Jeff Bezos, CEO of Amazon, in his official and individual capacities, and John and Jane Doe(s), the unknown board of directors of all of the above companies, in their official and individual capacities. Id. at 1, 4. Finally, Plaintiff alleges fraud, abuse of process, bank fraud, negligence, strict liability, breach of duty, slander, libel, defamation, trespass to property, emotional distress, and negligence. Id. at 10. Plaintiff seeks $5,000,000 in compensatory damages, $10,000,000 in punitive damages,

attorney's fees, all court costs, "Qui Tam action fees," and taxes owed under 25 U.S.C. § 165. Id. at 11.  In addition, Plaintiff seeks damages for emotional distress, mental anguish, and damage to reputation.  Id. at 10.  Plaintiff also moves for summary judgment in his Complaint. Id.

## STANDARD OF REVIEW

A federal court should conduct an initial screening of all complaints filed by prisoners and pro se plaintiffs proceeding *in forma pauperis*.  28 U.S.C. § 1915(e).  The court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## ANALYSIS

**I.     Tammy Jernigan and Henry Cambell**

   **A.     Copyright**

Plaintiff states sufficient factual matter for a plausible copyright infringement claim against Tammy Jernigan.  There are two requisite elements for a copyright infringement claim: (1) ownership of a valid copyright; and (2) copying of "constituent elements of the copyrighted work that are original." Calhoun v. Lillenas Publ'g, 298 F.3d 1228, 1232 (11th Cir. 2002) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)).  First, Plaintiff alleges in his Complaint he owns a valid copyright in the book "Project Mayhem" and the other books he provided to Ms. Jernigan.  Doc. 2 at 8–9.  A book is a sufficiently original work to receive copyright protection.  Second, Plaintiff alleges Tammy Jernigan has copied his book and violated his reproduction rights by listing "Project Mayhem" on Amazon and "other sites" without his permission.  Id.  Therefore, I **FIND** Plaintiff's copyright claim against Ms. Jernigan may proceed.

Plaintiff has not specified which Defendants against whom he intends to assert his copyright infringement claim.  Id. at 2.  However, Plaintiff has not stated sufficient factual information to assert a copyright claim against Henry Cambell.  Iqbal, 556 U.S. at 678.  Plaintiff alleges Ms. Jernigan moved forward with publishing his book only after Mr. Cambell backed out of the deal.  Doc. 2 at 7–8.  Therefore, he was not involved with copying the copyrighted work based on Plaintiff's allegations.  Thus, I **RECOMMEND** the Court **DISMISS** any copyright claim asserted against Mr. Cambell.

5

### B.     Breach of Contract

Plaintiff also states plausible breach of contract claims against both Ms. Jernigan and Mr. Cambell.  Plaintiff's breach of contract claims concern two different contracts.

First, Plaintiff alleges he entered into an agreement with both Ms. Jernigan and Mr. Cambell for the publication of five books.  Doc. 2 at 6–7.  While the allegations are somewhat ambiguous, Plaintiff appears to allege Ms. Jernigan breached the first contract by not paying him, not publishing or editing the first book in a timely manner, and not publishing the four additional books.  Plaintiff claims Mr. Cambell breached the contract by failing to participate in the publication process at all, as required under the contract.  Id. at 7–9.  Plaintiff suffered damages due to the breach of the first contract by not receiving payments that were due to him pursuant to the contract.  Id. at 9.  It appears Plaintiff has the right to complain about the breach because he claims to have met his obligations by providing manuscripts.  Id. at 6.  Therefore, Plaintiff's breach of contract claim based the first contract, asserted against Ms. Jernigan and Mr. Cambell, shall proceed.

Second, Plaintiff alleges he entered into a contract with Ms. Jernigan alone after Ms. Jernigan and Mr. Cambell breached the first contract.  Id. at 8–9.  According to the allegations in Plaintiff's Complaint, this contract only related to the publication of the "Project Mayhem" book.  Id.  Plaintiff claims Ms. Jernigan breached the second contract by failing to pay him his half of the book proceeds.  Id.  Therefore, Plaintiff properly alleges damages, and he has a right to complain about the breach if he has satisfied his obligations under the contract.  For these reasons, I **FIND** Plaintiff has stated plausible breach of contract claims with arguable merit against both Ms. Jernigan and Mr. Cambell.

### C. Fraud

Plaintiff fraud claim against Ms. Jernigan and Mr. Cambell shall also proceed.  "The five elements of fraud . . . are (1) false representation made by the defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from acting in reliance by the plaintiff; (4) justifiable reliance by the plaintiff; (5) damage to the plaintiff."  Johnson v. GAPVT Motors, Inc., 663 S.E.2d 779, 783 (Ga. Ct. App. 2008).  Plaintiff alleges Ms. Jernigan and Mr. Cambell misrepresented their publishing experience and that "Harddrive Publishing Imprint" was a real company.  Id. at 6–7.  Plaintiff appears to claim that Ms. Jernigan and Mr. Campbell knew this information was false and intended to induce Plaintiff to enter the initial publishing contract with them by making these misrepresentations.  Id.  Plaintiff alleges he did enter into the initial agreement and suffered damage by not receiving payment for his work on the books.  Id. at 6, 9–10.  Therefore, I **FIND** Plaintiff's fraud claim shall proceed.

### D. Conspiracy

Plaintiff civil conspiracy claim against Ms. Jernigan and Mr. Cambell shall also proceed.  Plaintiff claims Ms. Jernigan and Mr. Cambell agreed and conspired together to commit fraud, as discussed.  Doc. 2 at 7.  Therefore, I **FIND** Plaintiff has stated a civil conspiracy claim with arguable merit.

### E. Negligence

Plaintiff separately discusses "breach of duty," negligent policies and hiring, and general negligence in his Complaint.  Id. at 10.  The Court assumes these terms all relate to a single negligence claim, as there is not a separate cause of action for "breach of duty."  Plaintiff states sufficient factual allegations against Ms. Jernigan and Mr. Cambell to amount to a negligence claim, in the alternative to Plaintiff's other claims.  Plaintiff claims Ms. Jernigan and Mr.

7

Cambell failed to use reasonable care in their communications with him and in publishing the first book.  Doc. 2 at 7–9.  Plaintiff further claims Ms. Jernigan failed to use reasonable care by bringing Mr. Cambell in on the project even though he did not actually own a publishing company.  Id. at 9.

For these reasons, I **FIND** Plaintiff's negligence claim against Ms. Jernigan and Mr. Cambell shall proceed.  But, as discussed further below, any negligence claim asserted against the social media companies and Amazon should be dismissed.

### F. Trespass to Property

Plaintiff generally discusses a "trespass to property" claim in his Complaint.  Id. at 10.  Given the facts discussed in detail above, the Court construes Plaintiff's claim as a trespass to chattels claim.  Plaintiff claim based on the allegation that Ms. Jernigan stole his book.  Id. at 9.  For this reason, I **FIND** Plaintiff's claim of trespass to property against Ms. Jernigan shall proceed.

## II. Social Media Defendants and Amazon

Plaintiff does not state a sufficient legal or factual basis for liability against Facebook, Amazon, Google, Instagram, LinkedIn, or Amazon.  Plaintiff only alleges these Defendants failed to screen to make sure their users were legal entities without providing any other basis for liability.[2]  Doc. 2 at 10.  Plaintiff does not allege any of these Defendants knew or should have known of Ms. Jernigan or Mr. Cambell's conduct.

Aside from some very limited exceptions, which are not applicable here, internet companies, including social media companies, are generally immune from suit for content posted

---

[2] Plaintiff actually does not state any factual basis for liability against Facebook, but the Court assumes Plaintiff also wished to assert a similar claim against Facebook because he used the phrase "et al."

on their platforms by third parties under the Communications Decency Act. 47 U.S.C. § 230; Almeida v. Amazon.com, Inc., 456 F.3d 1316, 1321–22 (11th Cir. 2006). For this reason, Plaintiff does not state a plausible claim against Facebook, Google, Instagram, LinkedIn, or Amazon. Thus, Plaintiff does not plausibly allege these companies were obligated to screen private messages to Plaintiff or to warn Plaintiff "Harddrive Publishing Imprint" was not a real company. Further, Plaintiff does not allege Defendants Jernigan or Campbell ever used Instagram, only that he used it to promote the book. Plaintiff also does not allege he ever communicated with Defendants Jernigan or Campbell through LinkedIn.

Because these companies appear to be immune from suit under the Act, Plaintiff cannot sue officers of the corporations or the board of directors in their official capacity for the same conduct. Doc. 2 at 1, 4. Plaintiff also sues Jeff Bezos and "Jane and John Doe(s)" board of directors in their individual capacities. Id. Because Plaintiff does not allege any specific action these individuals took outside of their role of running the corporation, this claim fails as well.

For these reasons, Plaintiff has not stated plausible claims against Facebook, Amazon, Google, Instagram, LinkedIn, Jeff Bezos, and Jane and John Doe(s). I **RECOMMEND** the Court **DISMISS** all claims against these Defendants.

### III. Other Claims

#### A. Constitutional Rights

Plaintiff claims all Defendants have violated his First Amendment and "constitutional rights." It is a well-established principle of constitutional law that individual rights only run against government actors and not private individuals. The only exception to this rule is if the private actor participates in a course of state action. See Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 620 (1991). Plaintiff has only sued private companies and individuals and

does not allege that any of the Defendants engaged in state action.  Thus, the Court should **DISMISS** these claims.

### B.    Abuse of Process

Plaintiff asserts an abuse of process claim against all Defendants.  Nowhere in his Complaint does Plaintiff discuss any prior judicial proceeding.  Therefore, Plaintiff has not stated a plausible abuse of process claim.  See Lane Co. v. Taylor, 330 S.E.2d 112, 119 (Ga. Ct. App. 1985) (discussing requirements of an abuse of process claim, which includes a civil proceeding).  The Court should **DISMISS** this claim.

### C.    Mail, Wire, and Bank Fraud

Plaintiff also asserts Defendants committed mail fraud, wire fraud, and bank fraud.  These are criminal offenses rather than civil causes of action.  Because Plaintiff discusses interstate commerce and a conspiracy in his Complaint, the Court assumes Plaintiff intends to bring a civil Racketeer Influence and Corrupt Organization Act ("RICO") claim.  A RICO claim requires a "pattern of racketeering activity."  18 U.S.C. § 1962.  Although racketeering activities can include mail fraud or wire fraud, Plaintiff has not alleged any "pattern" by Defendants.  In fact, Plaintiff does not allege even one occurrence of mail fraud, wire fraud, or bank fraud in his Complaint.  Plaintiff only asserts he mailed Ms. Jernigan book manuscripts, not that Ms. Jernigan mailed him anything in return. Doc. 2 at 6.  It appears all other communications between Plaintiff and Defendants occurred through Google, Facebook, and possibly other social media platforms.  For these reasons, Plaintiff has not stated a plausible civil RICO claim, and the Court should **DISMISS** these claims.

### D. Strict Liability

Plaintiff mentions strict liability in his Complaint. Plaintiff has not stated any factual reason why strict liability should apply in this case; therefore, the Court should **DISMISS** any strict liability claim Plaintiff may allege.

### E. Defamation

Plaintiff discusses "slander, liebel, [and] defamation [sic]" in his Complaint. Id. at 10. These are mere legal conclusions without any factual support. Plaintiff does not assert Defendants ever said or wrote something that was untrue or misleading about him. See Eason v. Marine Terminals Corp., 710 S.E.2d 867, 871 (Ga. Ct. App. 2011) (stating that one of the requirements for a defamation action is "a false and defamatory statement concerning the plaintiff"). Therefore, these claims are without arguable factual merit and should be **DISMISSED**.

### F. Damages

Plaintiff seeks "Qui Tam action fees" under 31 U.S.C. § 3113. Doc. 2 at 11. This Code section does not correlate with *qui tam* actions and only discusses gifts to the Secretary of the Treasury. Regardless, a *qui tam* action is a whistleblower suit, and Plaintiff has not brought any similar cause of action. See 31 U.S.C. § 3730. Plaintiff does not allege Defendants defrauded the United States government in any way, which is what a *qui tam* suit typically requires. See id.; Timson v. Sampson, 518 F.3d 870 (11th Cir. 2008). Plaintiff also seeks "taxes owed on funds paid here from per 26 U.S.C. § 165." Doc. 2 at 11. This Code provision governs losses as a tax deduction under the Internal Revenue Code. Any such deduction, if applicable, should be sought through the Internal Revenue Service and is not recoverable as damages in a court of law. For these reasons, I **RECOMMEND** the Court **DISMISS** these claims.

**IV.     Motion for Summary Judgment**

As noted above, Plaintiff moves for summary judgment.  Summary judgment is required where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To satisfy this burden, the movant must show the court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.  A fact is "material" if it "might affect the outcome of the suit under the governing law."  FindWhat Inv'r Grp. v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  A dispute over such a fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.  In making this determination, the court is to view all of the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor.  Johnson v. Booker T. Washington Broad. Serv., Inc., 234 F.3d 501, 507 (11th Cir. 2000).

Plaintiff's Motion for Summary Judgment is premature.  The Court has yet to order service of Plaintiff's Complaint.  As a result, the parties have not had any opportunity to conduct discovery.  "The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion."  Jones v. City of Columbus, 120 F.3d 248, 254 (11th Cir. 1997).  No such discovery has occurred here.  Regardless, Plaintiff has failed to present evidence at this point to warrant granting summary judgment.  Adigun v. Express Scripts, Inc., No. CV 216-39, 2017 WL 1199754, at *1 (S.D. Ga. Mar. 30, 2017), *reconsideration denied*, 2017 WL 5618284 (S.D. Ga.

Nov. 21, 2017). For these reasons, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Summary Judgment.

## CONCLUSION

For the reasons stated above, I **RECOMMEND** the Court **DISMISS** Plaintiff's copyright infringement claim against Defendant Cambell. I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Facebook, Amazon, Google, Instagram, LinkedIn, Jeff Bezos, and John and Jane Doe(s). I also **RECOMMEND** the Court **DISMISS** Plaintiff's First Amendment, "constitutional rights," abuse of process, mail fraud, wire fraud, bank fraud, strict liability, slander, libel, and defamation claims against all Defendants. I further **RECOMMEND** the Court **DISMISS** Plaintiff's damages claims for "Qui Tam action fees" and "taxes owed" under 26 U.S.C. § 165 and **DENY** Plaintiff's Motion for Summary Judgment. However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service of Plaintiff's copyright infringement claim against Defendant Tammy Jernigan and breach of contract, fraud, conspiracy, negligence, and "trespass to property" claims against Defendants Henry H. Cambell and Tammy Jernigan by separate Order.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions

on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 18th day of November, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA