# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| CASMIR P. GRIFFIN<br><br>    Plaintiff,<br><br>v.<br><br>TAMMY JERNIGAN, in her official and individual capacities,<br><br>    Defendant. | 2:19-CV-132 |

### ORDER

Pursuant to Plaintiff Casmir Griffin's motion for default judgment, dkt. no. 23, the Court **ORDERS** Griffin to file a brief within thirty (30) days explaining and providing proof of the damages sought against Defendant Tammy Jernigan.

When default has been entered on a claim that is not for a "sum certain" or a "sum that can be made certain by computation," Fed. R. Civ. P. 55(b)(1), the party seeking the entry of default judgment "must apply [for it] to the court," id. (b)(2).[1] In a case

---

[1] Griffin contends that the claims asserted here are for a "sum certain," dkt. no. 23 at 3, but he misunderstands that phrase. "The certainty requirement is not met . . . when there is only a generalized statement of the amount due in [the] plaintiff's complaint"—i.e., "[a p]laintiff cannot satisfy the certainty requirement simply by requesting a specific amount." Charles A. Wright & Arthur R. Miller, 10A Federal Practice & Procedure § 2683 (4th Ed. Apr. 2021 Update); cf. Patray v. Northwest Pub., Inc., 931 F. Supp. 865, 869 n.4 (S.D. Ga. 1996). To be a "sum certain," or a sum that "can be made certain by computation," the amount

seeking damages, that analysis proceeds in two parts. *First,* final judgment may be entered if the pleadings state a substantive cause of action and contain a sufficient basis to support the relief sought. Tyco Fire & Sec., LLC. v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)); see also Kennedy v. NILA Investments, LLC, No. 2:19-cv-90, 2020 WL 3578362, at *1 (S.D. Ga. July 1, 2020). That issue will be addressed at a hearing on the motion for default judgment. *Second,* and as relevant here, if the plaintiff seeks damages, then the court "must make certain 'that there is a legitimate basis for any damage award it enters.'" Whitman v. Hinton, No. 4:18-cv-101, 2019 WL 3776472, at *2 (S.D. Ga. Aug. 9, 2019) (quoting Anheuser-Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003)) (alteration accepted). "Unlike well-pleaded allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." Faria v. Lima Inv. Sols., LLC, No. 6:19-cv-535, 2019 WL 3044033, at *2 (M.D. Fla. June 24, 2019), report and recommendation adopted,

---

claimed must be concrete—as where a contract has a liquidated damages clause, or the plaintiff claims some or all of the amount shown on a check. See id. n. 1 (collecting cases). Griffin does not offer any basis to show that the amounts he demands qualify as a "sum certain."

2

2019 WL 3037796 (July 11, 2019). Griffin must therefore file a brief within thirty (30) days explaining and providing proof of the damages he claims, at which point a hearing will be scheduled to decide the motion for default judgment.

**SO ORDERED** this 24th day of March, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA