**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| CASIMIR P. GRIFFIN, | |
| Plaintiff, | CIVIL ACTION NO.: 2:19-cv-132 |
| v. | |
| TAMMY JERNIGAN; and HENRY H. CAMBELL, | |
| Defendants. | |

**O R D E R**

Presently before the Court are Plaintiff's Motion for Extension of Time to File Brief and his Motion for Discovery. Docs. 26, 27. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion for Extension of Time to File Brief and **DENIES** Plaintiff's Motion for Discovery.

**I.      Motion for Extension of Time to File Brief, Doc. 26**

Plaintiff states he needs additional time to submit a brief on the sum amount Defendant Jernigan is due to pay based on her failure to respond to this Court's Order. Doc. 26 at 1. He seeks an additional 60 days to submit a "proper brief" in this matter. Id. at 3. The Court ordered Plaintiff to submit a brief by April 23, 2022, regarding this issue. Doc. 25. Given Plaintiff's pro se and incarcerated status, additional time is appropriate. Accordingly, the Court **GRANTS** Plaintiff's Motion for Extension of Time to File Brief. Doc. 26. Plaintiff is **ORDERED** to file any desired briefing **on or before July 8, 2022**. Plaintiff is forewarned his failure to comply with this Court's Order may result in dismissal of his case. Additionally, the Court is not inclined to grant any additional extension.

## II.    Motion for Discovery, Doc. 27

Plaintiff moves the Court to issue subpoenas to several corporations, such as Amazon, Google, and Meta.  Doc. 27 at 1.  Plaintiff also asks the Court to assist him with gaining access to documents from these companies.  Plaintiff notes the prison is on a modified lockdown, which makes it "extremely hard" for him to obtain the requested information from the identified companies.  Id. at 3.

The court's power to subpoena witnesses for an indigent civil litigant is discretionary. See Lloyd v. McKendree, 749 F.2d 705, 707 (11th Cir. 1985) (noting a district court is only required to issue subpoenas for indigent parties in criminal cases and in civil habeas cases). Under this Court's Standing Order of January 16, 1996, the Court will not issue blank subpoenas to any pro se litigant who is incarcerated in a jail or prison.  Order, In Re: Subpoenas, 4:96-mc-6, at *1 (S.D. Ga. Jan. 16, 1996).  In determining whether to allow any subpoena to issue on behalf of an incarcerated, pro se litigant and the scope of any such subpoena, the Court will balance the need to prevent the abuse of its subpoena power with the plaintiff's need to obtain the information sought by the subpoena.  See Brown v. Johnson, No. 5:15-cv-89, 2016 WL 5387640, at *3 (S.D. Ga. Sept. 23, 2016).

Plaintiff requests subpoenas for Amazon, Google, Meta, Instagram, LinkedIn, the United States Copyright Office, Creative Inspirations Imprint, and CreateSpace (an Amazon subsidiary). Doc. 27 at 1–2.  For each entity, Plaintiff requests a number of documents, including: all documents referencing him, Defendant, or four email addresses; the complete contents of his own and Defendant's Facebook, Instagram, Amazon, CreateSpace, and LinkedIn accounts; any documents that mention or refer to Defendant on Facebook, Instagram, Amazon, CreateSpace, or LinkedIn; and "all other documents, items of evidence, or sworn or unsworn statement or

affidavit that relate to the allegations in Plaintiff's complaint." Id. at 2–3.

The Court has carefully considered Plaintiff's requests for subpoenas and, for the following reasons, the requests are **DENIED**.  This Court's January 16, 1996 Standing Order generally prohibits the issuance of any subpoena on behalf of any incarcerated pro se litigant. On rare occasion, the Court has considered the issuance of subpoenas for such individuals, but only in unique circumstances, where the requests are sufficiently narrow and targeted and the requesting plaintiff demonstrates the need for the requested information.  See Brown, 2016 WL 5387640, at *3.  Plaintiff has not demonstrated the Court should issue his requested subpoenas.

First, Plaintiff's requests are extremely broad.  Plaintiff asserts a copyright infringement claim against Defendant Tammy Jernigan and breach of contract, fraud, conspiracy, negligence, and "trespass to property" claims against Defendants Henry H. Cambell and Tammy Jernigan. Doc. 10 at 1–2.  Despite the limited nature of Plaintiff's claims, he asks this Court to authorize subpoenas directed at seven private companies and a government entity.  Plaintiff seeks to obtain nearly every document related to himself or Defendant Jernigan.  Plaintiff's requests, viewed together, seek an enormous volume of documents, in which Plaintiff simply hopes to find something relevant.

Second, Plaintiff fails to demonstrate a clear need for the requested materials.  Plaintiff simply states, without elaboration, the information is needed to file a brief on damages. However, Plaintiff does not explain how this vast swath of information would help him prove damages.  Plaintiff does not point to any specific documents or records which would help him establish damages; instead, his requests and reasoning are broad and generalized.  Plaintiff has not met his burden showing the need for the documents he seeks.

Third, Plaintiff fails to show he cannot obtain the same or similar information through

3

ordinary discovery mechanisms.  For many of the items Plaintiff requests, Plaintiff can seek to obtain the same items through ordinary discovery devices, such as requests for production, if the need arises.  For example, Plaintiff requests the contents of Defendant's Facebook, Instagram, Amazon, CreateSpace, and LinkedIn accounts.  Id. at 2.

In sum, Plaintiff's requested subpoenas are inappropriately broad, Plaintiff has not demonstrated a clear need for the requested materials, and it apparent some of the information he seeks could be obtained through other means.  I have considered the need to prevent abuse of the Court's subpoena power and Plaintiff's need to obtain the information sought by the subpoena. Ultimately, I find Plaintiff has not sufficiently shown a basis for issuing the requested subpoenas, particularly considering the Court's Standing Order generally prohibiting such subpoenas.  Thus, the Court **DENIES** Plaintiff's Motion for Discovery.

**SO ORDERED**, this 10th day of May, 2022.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA